## GRIFFIN v. THOMPSON.

(Circuit Court of Appeals, Fifth Circuit. December 31, 1925. Rehearing Denied January 28, 1926.)

### No. 4652.

1. **Pleading ⬳245(3)—Trial amendment of petition, in action on written guaranty of value of corporate stock, held properly permitted.**

In action on written guaranty of value of corporate stock, claimed to be worthless, trial amendment of petition to include tender of the stock *held* properly allowed.

2. **Pleading ⬳236(1)—Process ⬳162—Federal courts exercise broad discretion in allowing amendments.**

Federal courts exercise a broad discretion in allowing amendments of pleadings or process.

3. **Trial ⬳388(2)—Making special findings of fact and of law discretionary with court trying case without jury.**

Making special findings of fact and of law is discretionary with court trying case without jury, pursuant to stipulation.

4. **Appeal and error ⬳850(2)—Whole case, both on facts and law, held before appellate court.**

Where appellant, in case tried before court without jury, made motion both for findings of fact and of law and for judgment, which was denied, *held* whole case was before appellate court, both on facts and law.

5. **Corporations ⬳120—Written guaranty of value of corporate stock held absolute obligation to make good the stated value.**

Written guaranty, "This stock represents an investment of $5,000 in 1909, which we guarantee to be realized out of this stock before," maturity of notes given for land purchased by guarantors, indorsed on stock certificates accepted as part of the purchase price, *held* not in nature of option or agreement to repurchase, if stock was tendered before maturity of notes, but an absolute obligation to make good the stated value.

6. **Appeal and error ⬳1050(1)—Admission of evidence of statements before execution of guaranty held harmless.**

Error, if any, in admitting proof of statements made before execution of written guaranty sued upon *held* harmless, where such statements did not tend to alter or vary the writing.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Action by F. D. Thompson against John R. Griffin. Judgment for plaintiff, and defendant brings error. Affirmed.

E. B. Robertson and Ike A. Wynn, both of Fort Worth, Tex. (Brasted & Griffin, and Wynn & Robertson, all of Fort Worth, Tex., on the brief), for plaintiff in error.

Morgan Bryan and B. L. Agerton, both of Fort Worth, Tex. (Bryan, Stone, Wade & Agerton, of Fort Worth, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was a suit filed in the District Court on August 24, 1923, to recover $10,000 on a written guaranty as to the value of certain stock in a corporation. The parties will be hereafter referred to as they appeared in the District Court. The case is well stated by the petition, the material allegations of which, omitting the jurisdictional averments, are these:

On January 1, 1913, plaintiff sold a certain ranch in Mitchell county, Tex., to defendant, John R. Griffin, and one R. H. Foster, for $70,000, the purchasers assuming an indebtedness to the state of Texas of $3,200. No cash was paid. Defendants executed notes aggregating $60,000, due on or before January 1, 1923, and for the balance transferred to plaintiff two certificates of stock in the American-Mexico Land & Cattle Company, of Itasca, Tex., each for 2,500 shares of the par value of $1, which Green and Foster stated represented an investment of $10,000, which was the fair and reasonable value of the said stock. As to the stock, they indorsed on the back of each certificate the following guaranty:

"This stock represents an investment of $5,000 in 1909, which we guarantee to be realized out of this stock before the notes given on the Mitchell county land mature.

"[Signed] John R. Griffin.
"[Signed] R. H. Foster."

The stock proved worthless, and nothing was ever realized on it. Foster is dead, and his estate notoriously insolvent; hence, he was not made a party to the suit.

Defendant interposed a general demurrer, and filed answer generally denying the allegations of the petition. The demurrer was overruled, and at the trial the parties by stipulation waived the jury, and the case was heard before the judge. Objections were made by defendant to the introduction of certain evidence, which objections were overruled and exceptions duly noted.

After the evidence was heard, plaintiff, on suggestion of the court, filed an amended petition which made no material change in the allegations of the original bill except that the stock was tendered. Defendant excepted to the allowance of this trial amendment, demurred to it, and moved to strike it out.

At the close of the case, defendant requested the court to make certain findings of facts and certain findings of law, concluding with a prayer for judgment. The court declined to make special findings of either fact or law, overruling the motion for judgment, and entered judgment for plaintiff as prayed for.

[1, 2] Error is assigned to the overruling of the demurrers to the original and amended petitions and to the overruling of the motion to strike out the amended petition. The demurrers and motion to strike were without merit and were properly overruled. With regard to the allowance of the trial amendment, it is sufficient to say that the courts of the United States exercise broad discretion in allowing amendments of pleadings or process where they have jurisdiction over the case. Gagnon v. U. S., 193 U. S. 451, 24 S. Ct. 510, 48 L. Ed. 745. In this case the court undoubtedly had jurisdiction, and to allow the amendment was proper.

[3, 4] Error is also assigned to the refusal of the court to make special findings of fact and of law. This was within the discretion of the court and not error, but, as a motion for judgment was made by the defendant, the whole case is properly before us on the facts and the law. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478.

[5] It is the contention of defendant that the guaranty given was in the nature of an option, and the only obligation on defendant was to repurchase the stock at the price of $10,000, provided it was tendered before the maturity of the notes. Cases are cited to support this theory, but they are not in point as applied to the facts in this case, and the theory itself is untenable. The guaranty was an absolute obligation to make good to plaintiff the value given to the stock by defendant when it was accepted by plaintiff in part payment for the land. From a simple reading of the guaranty this is apparent, and citation of authority is not necessary to sus-

tain that conclusion. There was ample evidence tending to prove that the stock was worthless when transferred to plaintiff and remained so throughout the guaranty period. [6] The assignments relating to the admission of certain testimony are not seriously pressed, and, except for some evidence relating to statements made by defendant regarding the value of the stock, the evidence all tended to show that the stock was worthless and for that purpose was admissible. If it was error to admit what had been said before the guaranty was executed, it did not tend to alter or vary the written instrument, and was harmless.

We find no error in the record.

Affirmed.